IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | |
| | : | |
| GUY MOUNT, | : | CHAPTER 7 |
| | : | CASE NO. 19-54780-jwc |
| Debtor | : | |
| _____ | : | _____ |
| BRADLEY MATSUBARA and | : | |
| KRISTI MATSUBARA, | : | ADVERSARY PROCEEDING |
| | : | NO. |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| GUY MOUNT, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT TO DETERMINE DEBT NONDISCHARGEABLE**

COMES NOW Bradley Matsubara and Kristi Matsubara, Plaintiffs (hereinafter "Plaintiffs"), and file this Complaint to Determine Debt Nondischargeable and show the Court as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiffs are judgment creditors of the above-named Debtor Guy Mount ("Debtor") and have a claim arising from fraudulent conduct, negligent misrepresentation, concealment and breach of fiduciary duty.

2.

Debtor filed his petition for relief under Chapter 7 of the United States Bankruptcy Code on March 26, 2019.

3.

Debtor is subject to the jurisdiction of this Court.

4.

This is an action under 11 U.S.C. §523 for a determination that the indebtedness owed to Plaintiffs is excepted from discharge.

5.

This Court has jurisdiction of this case under 28 U.S.C. §§157 and 1334.

6.

This Adversary Proceeding constitutes a core proceeding under 28 U.S.C. §§157(b)(2)(A), (I), and (O).

**FACTUAL ALLEGATIONS**

7.

In or about November/December 2005, Plaintiffs and Debtor engaged in discussions and negotiations wherein Debtor made representations to induce Plaintiffs to invest substantial sums of money with Debtor for the development of real property.

8.

In accordance with these discussions and negotiations, Debtor made various representations including, but not limited to, informing Plaintiffs that he was experienced in the development of real property, that the funds they invested (principal) would be used for the development of particular real property and then returned to Plaintiffs, that the funds would be treated as a loan

which would be reflected by a promissory note secured by a deed of trust on real property and that Plaintiffs would be paid the sum of $195,000.00 on June 27, 2007.

9.

Debtor made similar representations to a number of individuals, amassing a significant amount of money over a short period of time.

10.

On or about December 9, 2005, and based on and in reliance upon the representations of Debtor, Plaintiffs invested $150,000.00 with Debtor reflected in a promissory note with a due date of June 27, 2007.

11.

As an inducement to Plaintiffs to invest their funds, Debtor made the representations referred to herein above to Plaintiffs.  When the June 27, 2007, due date under the original promissory note was approaching, Debtor approached Plaintiffs and represented to Plaintiffs that although Debtor had funds to make payment as promised, Plaintiffs could reinvest their funds at an attractive rate of return.  Once again, Debtor represented to Plaintiffs that the investment of their funds would be reflected in a promissory note secured by a deed of trust on real property and that $195,000.00 investment would be returned to them.

12.

Based on and in reliance upon these representations, Plaintiffs reinvested $195,000.00 with Debtor who promised to pay Plaintiffs $253,500.00 on December 31, 2008.  Debtor affirmatively stated in the promissory notes that the deeds of trust were to Lawyers Title and Chicago Title corporations as trustees respectively.

13.

Subsequent to the reinvestment, Plaintiffs became informed that the representations stated in Paragraphs 7 and 8 herein made by Debtor were false and the Debtor failed to properly perform his obligations and duties to Plaintiffs.  By way of example, and without limitation, Debtor was not experienced in the development of real property; the real property for which the funds were designated for development never received county approval and thus no development occurred; the funds Plaintiffs invested were never secured by a deed of trust on real property; Plaintiffs' principal was at substantial risk in view of the financial condition of Debtor and/or the companies he controlled; and that at the time Plaintiffs reinvested their funds with Debtor, Debtor was not in a position to pay Plaintiffs on the first note and/or knew that he would not be in a position to pay on the second note.

14.

Debtor has failed to explain satisfactorily the dissipation of funds entrusted to him by Plaintiffs and by the many other individuals with whom he solicited money reflected in Debtor's schedules filed in his Bankruptcy case.

15.

On or about January 8, 2009, Plaintiffs filed an action against Debtor, two corporations and a limited liability company in the Superior Court of the State of California for the County of San Diego, Case No. 37-2009-00080985-CU-FR-CTL (the "Lawsuit").   In the Lawsuit, Plaintiffs alleged that each of the defendants was and is the *alter ego* of the other defendants, and that Debtor owned or controlled the other defendants which were grossly undercapitalized to meet the risks or obligations attendant with their alleged business.  Plaintiffs further alleged that the fiction of separate identities between and/or among the defendants would and did tend to promote injustice

and insulate the defendants from liability to members of the general public and/or Plaintiffs who could be and were harmed as a result of Debtor's conduct.

16.

Debtor failed to answer the Lawsuit, though properly served with a copy of the summons and complaint.  On or about October 5, 2009, insofar as Plaintiffs sought judgment against Debtor based on his fraudulent conduct, a declaration under penalty of perjury was filed in the Lawsuit in support of Plaintiff's application for judgment by default based on Debtor's fraud.

17.

On or about March 5, 2010, judgment against Debtor was entered by default (the "Judgment").  As provided in the Judgment, the Court considered the declaration and heard the evidence offered in accordance with the California Code Civil Procedure.

18.

The Judgment must be accorded the same preclusive effect in this Court as would be given the Judgment under the law of the State of California. Under California law, a default judgment satisfies the "actually litigated" requirement for application of collateral estoppel, and consequently, Debtor is estopped from denying the allegations contained in the Lawsuit.

19.

From the time of the Judgment to the time of the filing of the within Chapter 7 Bankruptcy case, Debtor moved from California to Illinois and then to Georgia.  During that time, Plaintiffs preserved the Judgment and actively sought its enforcement.

## COUNT I
## 11 U.S.C. §523(a)(2)(A)

20.

Paragraphs 1 through 19 are hereby realleged in their entirety and incorporated herein by reference.

21.

Debtor entered into negotiations with Plaintiffs for the investment of funds. In connection with these negotiations, Debtor, with the intent to deceive and defraud Plaintiffs, falsely and fraudulently made representation to Plaintiffs as alleged herein above.

22.

In truth and in fact, these representations were false, were known at the time they were made by Debtor to be false, and were made with the intent deceive Plaintiffs and induce them to invest their funds with Debtor as alleged herein above.

23.

Plaintiffs, reasonably believing and relying upon the representations made by Debtor, who held himself out as a professional with special knowledge and expertise regarding Plaintiff's investment, invested their funds with Debtor as alleged herein above.

24.

The representations made by Debtor were in fact false as alleged herein above. Debtor intentionally concealed and suppressed from Plaintiff material facts concerning the investment and/or use of Plaintiff's funds as alleged herein above, and the true information was not discoverable or known to Plaintiffs and was known only to Debtor and his cohorts. Had Plaintiffs known the undisclosed facts, Plaintiffs would have declined to invest their money with Debtor.

25.

As a direct and proximate result of the fraud and deceit of Debtor, Plaintiffs have suffered damages as alleged herein, actually litigated and proven in the Lawsuit and awarded by Judgment therein.

26.

Debtor obtained money and a renewal thereon by false pretenses, false representation and actual fraud.

27.

Plaintiff reasonably relied upon Debtor's representations, actual and implied, in lending to Debtor and in extending repayment terms.

28.

The indebtedness owing to Plaintiff should be nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

## COUNT II
## 11 U.S.C. §523(a)(4)

29.

Paragraphs 1 through 28 are hereby realleged in their entirety and incorporated herein by reference.

30.

Debtor claims to have been trained as a financial advisor and was licensed as a financial advisor in California.

31.

Debtor acted in the capacity as a financial and/or investment advisor and portrayed himself as such to induce Plaintiffs and others to invest funds with him, in taking those funds from Plaintiffs and others, with regard to all of the other acts alleged herein above.

32.

As a financial professional, Debtor owed to Plaintiffs a fiduciary duty to use due diligence to discover and disclose all pertinent facts involved with the subject investment.

33.

As a financial professional experienced in investments and acting in a fiduciary capacity, Debtor should have as a fiduciary, known the risks, facts and information alleged herein, but instead actively concealed the risks, facts and information owed to Plaintiffs.

34.

Debtor engaged in conduct which he knew was improper or reckless insofar as he consciously disregarded, or willfully was blind to, a substantial and unjustifiable risk that his conduct would turn out to violate fiduciary duty. His disregard of risk and failure to inform involved a gross deviation from the standard of conduct that a law-abiding person in Debtor's situation would observe.

35.

The indebtedness owing to Plaintiff should be nondischargeable pursuant to 11 U.S.C. §523(a)(4) for fraud or defalcation while action in a fiduciary capacity.

## COUNT III
## 11 U.S.C. §523(a)(6)

36.

Paragraphs 1 through 35 are hereby realleged in their entirety and incorporated herein by reference.

37.

Debtor's intention to deceive and defraud Plaintiffs by falsely and fraudulently making representations to Plaintiffs and concealing information to induce Plaintiffs to invest their funds with Debtor and intentionally not preparing and recording deed(s) of trust to secure the investment evidences a willful and malicious injury to Plaintiffs and the loss of their property.

38.

The indebtedness owing to Plaintiffs are the damages resulting from Debtor's willful and malicious conduct.

39.

The indebtedness owing to Plaintiffs should be nondischargeable pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, Plaintiff prays that this Court order a nondischargeable judgment against Debtor:

a) Declaring the indebtedness owing to Plaintiffs nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and/or 523(a)(6);

b) For judgment in the amount of $272,949.32, plus interest accruing thereon at the rate of 10% per annum from March 5, 2010, as provided by law, less garnishment recovery offset; plus reasonable attorneys fees; and

postjudgment interest continuing to accrue at the rate of 10% per annum; and

    c) For such other and further relief as is just and proper.

    This 31st day of October, 2019.

                                        The Law Office of
                                        LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                                        Attorney for Plaintiff

                                        By: _____/S/_____
                                            Craig B. Lefkoff
                                            Georgia State Bar No. 445045

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900